**Dennis J. SOLOMON, Plaintiff–Appellant,**

v.

**UNIVERSITY OF SOUTHERN CALIFORNIA, Defendant–Appellee,**

and

**Evans & Sutherland, Defendant–Appellee,**

and

**John J. Doll, Acting Director of the United States Patent and Trademark Office, United States Patent and Trademark Office, and Trademark Trial and Appeal Board, Defendants–Appellees,**

and

**Michael Macedonia, Scott Edelman, Mr. Quinn, Mr. Hairston, and Mr. Holtzman, Defendants–Appellees.**

No. 2009–1269.

United States Court of Appeals, Federal Circuit.

July 2, 2009.

Dennis J. Solomon, Yarmouth Port, MA, pro se.

Brian W. Craver, Person & Craver, LLP, Washington, DC, Raymond T. Chen, Patent & Trademark Office, Arlington, VA, for Defendants–Appellees.

Howard S. Hogan, Gibson, Dunn & Crutcher, LLP, Washington, DC, for Defendant–Appellee.

Before MICHEL, Chief Judge, LOURIE and BRYSON, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

Dennis J. Solomon responds to the court's order permitting him to respond concerning why his appeal should not be transferred to the United States Court of Appeals for the District of Columbia Circuit.

Solomon filed a complaint in the United States District Court for the District of Columbia (1) alleging a violation of civil rights and due process by the Trademark Trial and Appeal Board in the processing of Solomon's trademark application, (2) challenging the University of Southern California's (USC) standing to oppose his trademark application before the Board, (3) alleging that USC and other defendants attempted to monopolize technology and interfere with interstate commerce, (4) alleging that USC defrauded the United States government, and (5) alleging that USC and a United States Army officer conspired to interfere with business relations and engaged in unfair competition by opposing Solomon's trademark application. The district court determined that Solomon's complaint was barred by res judicata based on two prior complaints filed by Solomon in the United States District Court for the District of Massachusetts. The district court denied Solomon's motion for reconsideration, and Solomon appealed to this court.

Solomon argues that this appeal is within this court's jurisdiction. Solomon contends that his complaint sought relief under 28 U.S.C. § 1338(a) and (b). However, assuming that Solomon is correct that his claim fell within section 1338, this court does not have jurisdiction over appeals where the district court's jurisdiction arose under section 1338 if the claims are related only to trademark. *See* 28 U.S.C. § 1295(a)(1). Thus, this court lacks jurisdiction and must transfer.

Accordingly,

IT IS ORDERED THAT:

The appeal is transferred to the United States Court of Appeals for the District of Columbia Circuit.